IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gabriel Randolph,) | C/A No.: 1:13-74-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs.) | REPORT AND RECOMMENDATION |
| ) | |
| Lt Haroff; Sgt. Allewine; Ofc. ) | |
| Haymond; Ofc. Binkley; Ofc. Tucker; ) | |
| each in their individually official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Gabriel Randolph is a pro se prisoner incarcerated at Perry Correctional Institution ("PCI") who filed a complaint pursuant 42 U.S.C. § 1983 alleging the defendants used excessive force against him in violation of his constitutional rights. This matter comes before the court on Plaintiff's motion to have his property returned and for transfer to another institution. [Entry #48]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because Plaintiff's motion requests injunctive relief, which is dispositive, this Report and Recommendation is entered for the district judge's consideration.

Plaintiff's motion alleges that the defendants lost or destroyed his box containing legal materials when he was transferred from the general population to the Special Management Unit ("SMU") at PCI. [Entry #48]. Plaintiff seeks the return of his legal box and to be transferred to another institution. *Id.* Defendants Lieutenant Haroff, Officer

Haymond, Officer Binkley, and Officer Tucker (collectively "Defendants")[1] responded to Plaintiff's motion, noting that Plaintiff's legal box was temporarily confiscated because it contained 14 "razor-like items." [Entry #49]. Defendants' response explains that items such as legal boxes are scanned through an x-ray machine prior to delivery to inmates in the SMU. *Id.* Additionally, Defendants' response indicates that Plaintiff's legal box was returned to him on June 28, 2013. *Id.* at 2. Plaintiff did not file a reply or otherwise dispute that his legal box had been returned. Therefore, the undersigned recommends that Plaintiff's motion for return of his legal box be denied as moot. Additionally, the undersigned recommends' Plaintiff's motion to transfer to another institution be denied for the reasons set forth in the undersigned's April 12, 2013 report and recommendation [Entry #18] addressing the same issue, which was adopted by United States District Judge J. Michelle Childs on May 6, 2013 [Entry #31].

    IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 26, 2013                                               Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] On June 10, 2013, the undersigned recommended that Sgt. Allewine, who has not been served and who has not made an appearance in this case, be dismissed from this case. [Entry #42].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).