IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gabriel Randolph, | ) | C/A No.: 1:13-74-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Lt Haroff; Sgt. Allewine; Ofc. | ) | |
| Haymond; Ofc. Binkley; Ofc. Tucker; | ) | |
| each in their individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Gabriel Randolph is a pro se prisoner incarcerated at Perry Correctional Institution ("PCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff filed a complaint pursuant 42 U.S.C. § 1983 against the defendant correctional officers ("Defendants") alleging they used excessive force against him in violation of his constitutional rights. This matter comes before the court on the following motions: (1) Plaintiff's motion to strike affidavits submitted by Defendants [Entry #51]; (2) Plaintiff's motion to compel [Entry #55]; and (3) Plaintiff's motion to compel and for a hearing [Entry #61]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.      Plaintiff's motion to strike affidavit

Plaintiff requests the court strike the affidavits of Patricia Buchanan [Entry #49-2] and Corporal Jason Byrd [Entry #49-1] that were submitted in support of Defendants'

opposition to Plaintiff's motion seeking return of his legal materials and transfer from PCI [Entry #49]. Plaintiff's basis for requesting the affidavits be struck are that he disagreed with the facts contained in the affidavits and that the affidavits were allegedly incomplete. [Entry #51]. Plaintiff's disagreement with the facts alleged in an affidavit is not a valid basis for striking it from the record. Additionally, Plaintiff's motion is now moot, as Plaintiff's motion for return of his legal materials and for transfer from PCI was denied on October 9, 2013, by order of the Honorable J. Michelle Childs, United States District Judge. Therefore, Plaintiff's motion to strike is denied as moot.

II.     Plaintiff's motion to compel

In his motion to compel, Plaintiff seeks to compel the "SMU Entry Log Sheet for SMU-B-Dorm" for June 20, 2011. [Entry #55]. Defendants responded that after a diligent search, they have been unable to locate the entry log sheet, although they have provided Plaintiff the log book and the cell check log for the same date and dorm. [Entry #56]. Defendants attached the affidavit of Leigh Pollman, an Administrative Specialist at PCI [Entry #56-2]. Ms. Pollman attests that multiple members of the PCI staff have searched for the requested document, but have been unable to locate it. *Id.* According to Ms. Pollman, these logs are not official SCDC records, and they only keep track of who is in the dorm at a given moment. *Id.* As such, the sign-in sheets are routinely thrown away, and PCI staff cannot locate the logs for any time prior to the last few months. *Id.*

Parties must produce relevant, requested documents that are in the party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Here, Defendants submitted that it is not their ordinary business practice to retain the entry logs for longer than a few

months.  Defendants represented that they have diligently searched for the records and are not able to locate the requested document.  Therefore, Plaintiff's motion must be denied, as Defendants have produced the documents in their possession, custody, and control. Defendants cannot be compelled to produce documents not within their possession, custody, or control.

III.    Plaintiff's motion for a hearing and to compel additional documents

In his second motion to compel and motion for a hearing, Plaintiff requests copies of the SCDC policies on (1) the use of force; (2) the special management unit; (3) the use of chemical munitions; and (4) the use of restraints. [Entry #62]. Plaintiff contends that he needs these policies because he will show that Defendants "must follow SCDC policy and procedure and when they don't follow it[,] they violated plaintiff['s] constitutional right." *Id.*   Defendants contend that these policies are restricted, and it is against SCDC policy to provide them for inmate review. [Entry #62].

The requested documents are not relevant to whether Defendants violated Plaintiff's constitutional rights. Assuming, *arguendo*, that Defendants violated SCDC policies, Plaintiff must still show that Defendants violated his constitutional rights. *See United States v. Caceres,* 440 U.S. 741 (1978); *see also Johnson v. S.C. Dep't of Corrections*, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (citing *Riccio v. County of Fairfax*, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)). Therefore, Plaintiff has not shown that he is entitled to such

3

policies and his motion to compel and for a hearing is denied.

III.    Conclusion

For the foregoing reasons, Plaintiff's motion to strike [Entry #51], motion to compel [Entry #55], and motion to compel and for a hearing [Entry #61] are denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 28, 2013                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge